<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN FALAT, JR., et al. : | |
| : | |
| Plaintiffs, : | |
| : | Civil Action No. 12-6804 (SRC) |
| v. : | |
| : | OPINION |
| THE COUNTY OF HUNTERDON, et al., : | |
| : | |
| Defendants. : | |

<u>CHESLER</u>, District Judge

This matter comes before the Court on the following motions pursuant to Federal Rule of Civil Procedure 12(b)(6): (1) motion to dismiss the Complaint by Defendants Hunterdon County Prosecutor's Office ("Prosecutor's Office"), Kenneth Rowe, and Edward DeFillipis (Docket Entry 10); (2) motion to dismiss by Defendants the County of Hunterdon (the "County"), George Melick, William Mennen, Ronald Sworen, Matthew Holt, Erik Peterson, Robert Walton, and Cynthia Yard (Docket Entry 12); (3) motion to dismiss by Defendant J. Patrick Barnes (Docket Entry 13); (4) motion to dismiss by Defendant Gaetano De Sapio (Docket Entry 15).[1]  Plaintiffs

---

[1] Two other Defendants, Bennett Barlyn and William McGovern, also moved to dismiss the claims against them on December 10, 2012. (Docket Entry 14)  Plaintiffs responded to that motion by filing a notice voluntarily dismissing the claims against Barlyn and McGovern without prejudice (Docket Entry 16), which the Court ordered on January 22, 2013 (Docket Entry 17). On January 23, 2013, Barlyn and McGovern requested that the Court enter an order dismissing the claims against them with prejudice.  (Docket Entry 18)  On February 5, 2013, Plaintiffs filed a single brief in partial opposition to the various motions to dismiss (Docket Entry 19) but offered no opposition to Barlyn and McGovern's request to convert the non-prejudicial dismissal

John Falat, Jr., Deborah Trout, and Michael Russo (collectively "Plaintiffs") have opposed the motions in part. (Docket Entry 19) The Court will rule on the papers submitted, and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will dismiss certain of Plaintiffs' claims with prejudice and the remaining claims without prejudice.

I.  THE FACTS[2]

Plaintiffs Falat, Trout, and Russo are all former employees of the Hunterdon County Sheriff's Office. Russo and Trout sued the County, alleging various rights violations, in 1995 and 1998 respectively. Both claims were apparently settled out of court. Broadly speaking, the Plaintiffs now allege that, in retaliation for those prior lawsuits, the Defendants engaged in a concerted campaign to harass and discredit the Plaintiffs, remove them from their positions within the Sheriff's Office, and prosecute them on trumped-up charges. Plaintiffs have named sixteen separate defendants: the County of Hunterdon, the Office of the Hunterdon County Prosecutor, Prosecutors J. Patrick Barnes, Kenneth Rowe, Edward DeFillippis, Bennett A. Barlyn, and William McGovern, Hunterdon County Freeholders George Melick, William Mennen, Ronald Sworen, Matthew Holt, Erik Peterson, and Robert Walton, County Counsel Gaetano De Sapio, County Administrator Cynthia Yard, and 2009 recall campaign organizer

---

into a dismissal with prejudice. Plaintiffs having failed to include any counts against Barlyn or McGovern in the chart setting forth the causes of action Plaintiffs intend to maintain going forward (See Pls.' Opp'n Br. 2-3), the Court will grant Barlyn and McGovern's request to convert their dismissal without prejudice into a dismissal with prejudice.

[2] In a Rule 12(b)(6) motion, the Court is limited in its review primarily to the complaint and a few basic documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Accordingly, the Court's statement of the facts is derived from the allegations contained in the Complaint (Docket Entry 1, Att. 2) and does not represent factual findings by the Court.

Donna Simon.[3]

According to the Complaint, the Defendants' retaliatory campaign began in 2007, shortly after Plaintiff Trout announced she would seek the June 2007 Republican nomination for Hunterdon County Sheriff. Trout had run for, and lost, the Republican nomination for the same position in 2004. Russo and Falat, who had helped Trout in her earlier run, again campaigned on her behalf.

Plaintiffs allege that the coordinated harassment by County officials began in May 2007 when County Counsel De Sapio sent Trout a letter demanding that she remove a picture of herself in uniform, along with an insignia that resembled the patch worn by Hunterdon County Sheriff's officers, from her campaign website. When Trout won the election on November 4, 2007, Defendant Melick allegedly told Trout that he "couldn't believe the bitch won" and went on to state that "[t]he bitch sued us and we're not going to make it easy for her," or words to that effect. (Compl. ¶ 37) Later that night, Melick allegedly told Trout that "[j]ust because you won the election, don't think we're going to make it easy for you."

According to the Complaint, what followed was an intense and coordinated effort by various County entities and employees to frustrate her ability to run the Sheriff's Department, which included preventing Trout from adding Russo and Falat to the County payroll. Plaintiffs allege that Trout's critics on the Board persuaded the County Prosecutor's Office to launch an investigation into her activities within days of her taking office, which produced a steady stream of grand jury leaks to the press and, ultimately, indictments against the Plaintiffs in 2010. After the indictments were released, the Freeholders issued a series of resolutions demanding, among other things, that Russo be suspended and Trout take a leave of absence and cede operational

---

[3] Simon is the only defendant who has not moved to dismiss the Complaint.

control as Sheriff. The criminal charges against the Plaintiffs were ultimately dropped after the New Jersey Attorney General's Office took over the case.

## II. DISCUSSION

### A. Standard of Review

A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The complaint must contain sufficient factual allegations to raise a right to relief above the speculative level, assuming the factual allegations are true. Twombly, 550 U.S. at 555; Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). The Supreme Court has made clear that "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The Third Circuit, following Twombly and Iqbal, has held that the pleading standard of Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" Phillips, 515 F.3d at 234. In a Rule 12(b)(6) motion, the Court is limited in its review to a few basic documents: the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. See White Consol. Indus., 998 F.2d at 1196.

### B. Abandoned Claims

At the outset, the Court notes that Plaintiffs have voluntarily abandoned a number of

their claims against the moving Defendants.[4] Accordingly, Count One of the Complaint ("NJ LAD/Gender Discrimination") will be dismissed with prejudice as against all moving Defendants except the County. Count Two of the Complaint ("Hostile Work Environment") will be dismissed with prejudice as against all moving Defendants except the County. Count Three of the Complaint ("First and Fourteenth Amendments, 42 U.S.C. § 1983") will be dismissed with prejudice as against the County, the Prosecutor's Office, Barnes, Barlyn, and McGovern. Count Four of the Complaint ("Equal Protection/Due Process, 42 U.S.C. § 1983") will be dismissed with prejudice as against all moving Defendants. Count Five of the Complaint ("Conspiracy Under § 1983, § 1985, and NJ Constitution") will be dismissed with prejudice as against the Prosecutor's Office, Barnes, Barlyn, and McGovern. Count Six of the Complaint ("Failure to Supervise Under 42 U.S.C. § 1986 and the NJ Constitution") will be dismissed with prejudice as against all moving Defendants. Count Seven of the Complaint ("New Jersey Constitution/Civil Rights Act") will be dismissed with prejudice as against the Prosecutor's Office, Barnes, Barlyn, and McGovern. Count Eight of the Complaint ("Public Policy Violations of the State of New Jersey") will be dismissed with prejudice as against all moving Defendants. Count Nine of the Complaint ("Retaliation") will be dismissed with prejudice as against all moving Defendants except for the County. Count Ten of the Complaint ("Constructive Discharge") will be dismissed with prejudice as against all moving Defendants except the County. Count Eleven of the Complaint ("Aider and Abettor Liability as to

---

[4] Defendant Simon has not moved before this Court and is therefore not considered a moving Defendant. Defendants Barlyn and McGovern, though already technically terminated as Defendants, have moved before the Court and are considered moving defendants for the purposes of this Opinion.

Individual Defendants") will be dismissed as against all moving Defendants except Yard and De Sapio.  Count Twelve of the Complaint ("Conscientious Employee Protection Act") will be dismissed with prejudice as against all moving Defendants.  Count Thirteen of the Complaint ("Respondeat Superior") will be dismissed with prejudice as against all moving Defendants except the County.  Count Fourteen of the Complaint ("Official Policy") will be dismissed as against all moving Defendants except the County.  Counts Fifteen ("Negligence"), Sixteen ("Tortious Interference with Contractual Relations"), Seventeen ("Tortious Interference With Prospective Economic Gain"), and Eighteen ("Abuse of Process") of the Complaint will be dismissed with prejudice as against all moving Defendants.  Count Nineteen of the Complaint ("Malicious Prosecution") will be dismissed with prejudice as against Barnes, Barlyn, and McGovern.  Count Twenty of the Complaint ("Open Public Meetings Act") will be dismissed with prejudice as against all moving Defendants.

    **C.**    **Remaining Claims**

With respect to Plaintiffs' remaining claims, the Court concludes that, as currently pled, the Complaint does not satisfy the pleading requirements enunciated by the Supreme Court in Iqbal, supra, and Twombly, supra.  Accordingly, the remaining claims in the Complaint will be dismissed without prejudice.

The Court notes that some of the Complaint relies on impermissibly vague group pleading, in which it is alleged that "Defendants" engaged in certain wrongful conduct.  For example, Plaintiffs allege that "Defendants chose to enlist the services of the Prosecutor's office to pursue Plaintiff Trout criminally for what constituted their perceived 'non-compliance' with the County's hiring policies." (Compl. ¶ 54)  Later in the Complaint, in a section dealing with

the alleged hacking of Russo's computer, it is alleged that "Defendants then took this illegally obtained private communication and provided it to the Prosecutor's Office and apparently disseminated the information to Defendants Rowe and DeFillippis." (Compl. ¶ 93)  It may at times be appropriate and convenient for a pleading to use the short-hand term "Defendants," but when the Complaint has named 16 separate defendants (exclusive of fictitiously named defendants) who occupied different positions and presumably had distinct roles in the alleged misconduct, Plaintiffs cannot merely state that "*Defendants* did *x*"– they must specifically allege *which* Defendants engaged in what wrongful conduct.  See In re Sagent Tech., Inc., 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act.").  Without knowing exactly what wrongful conduct they are alleged to have engaged in, the individuals Defendants have not been given fair notice of the allegations against them.  See Twombly, 550 U.S. at 555 (stating that Rule 8(a)(2) requires a complaint to "give the defendant fair notice of what the claim is and the grounds upon which it rests") (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In their opposition brief, Plaintiffs have conceded that they do not assert claims by each Plaintiff against every Defendant on all of the Complaint's 20 counts, and Plaintiffs have provided a chart aimed at clarifying exactly what claims are being maintained. But "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)). While Plaintiffs' clarification does help the Court determine which claims have been abandoned, it does not obviate the need for a clean, well-organized Complaint articulating

precisely which claims each Plaintiff is making against whom.

      To the extent that the Complaint does include specific allegations against particular Defendants, it largely fails to connect these factual allegations to the specific counts in the Complaint.  Each of the Complaint's 20 counts engages in the common practice of incorporating by reference every allegations already made.  (E.g., Compl. ¶ 149 ("Plaintiffs repeat and reallege the allegations contained in paragraphs 1-148 of the Complaint as if fully alleged herein at length."))  But the Counts themselves leave it to the Court to guess which factual assertions in the 57-page Complaint are intended to support which legal claims.  This, the Court refuses to do.  It is not the Court's job to laboriously search the Complaint for factual assertions that could, in theory, be used to support one legal claim or another.  "District judges are not archaeologists.  They need not excavate masses of papers in search of revealing tidbits . . . ."  Northwestern Nat'l Ins. Co. v. Baltes, 15 F.3d 660, 662 (7th Cir. 1994).

      Should the Plaintiffs wish to proceed in this action, they will furnish the Court with a Complaint that clearly spells out which individual plaintiffs are making what legal claims against whom and set forth specific factual allegations to support each of those claims.  To that end, the Court will dismiss the remaining claims without prejudice and grant Plaintiffs leave to file an Amended Complaint.  An appropriate Order accompanies this Opinion.

                                         s/Stanley R. Chesler
                                          STANLEY R. CHESLER
                                          United States District Judge

DATED: March 19, 2013