*State of New Jersey*

| | | |
|---|---|---|
| CHRIS CHRISTIE<br>*Governor*<br><br>KIM GUADAGNO<br>*Lt. Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO Box 112<br>TRENTON, NJ 08625-0112 | JOHN J. HOFFMAN<br>*Acting Attorney General*<br><br>JEFFREY S. JACOBSON<br>*Director* |

Jane.Greenfogel@dol.lps.state.nj.us

June 10, 2014

**Via Electronic Mail/UPS Overnight Mail**
The Honorable Faith S. Hochberg, U.S.D.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, PO No.2
Newark, New Jersey 07101

    Re: **Falat, et. al. v. the County of Hunterdon, et. al.**
         **Docket No. 2:12-cv-06804 (SRC)(mah)**

Dear Judge Hochberg:

    Our office represents the Department of Law and Public Safety of the State of New Jersey and several sub-divisions of the Department (together "L&PS"). On May 15, 2014, L&PS filed a Motion to Quash certain *subpoenas duces tecum* or, in the alternative, for a Protective Order, which is currently returnable before Your Honor on June 16, 2014. By brief dated June 2, 2014, Defendants, the County of Hunterdon, George Melick, William Mennen, Ronald Sworen, Matthew Holt, Erik Peterson, Robert Walton, and Cynthia Yard (together "County Defendants") opposed L&PS's Motion and cross-moved for an Order compelling discovery of confidential sealed grand jury materials. Please accept this letter in lieu of a more formal brief in Reply to the County Defendants' cross-motion and opposition, and in further support of the Motion to Quash.

    The County Defendants have withdrawn their subpoenas issued to L&PS and the Hunterdon County Prosecutor's Office ("HCPO") except their requests for the following: (1) a transcript of the Grand Jury proceedings conducted in Hunterdon County which resulted in the Indictments of Plaintiffs Trout, Russo, and



June 10, 2014
Page 2

Falat; (2) a copy of all documentary evidence presented to the Grand Jury during said proceedings, and (3) any presentments returned by the Grand Jury. As the parties are aware, Plaintiffs Deborah Trout, John Falat, Jr., and Michael Russo ("Plaintiffs") were indicted under Indictment Nos. 10-04-00096, 10-04-00097, 10-04-00098, respectively. The indictments themselves have been unsealed and are a matter of public record. In order to avoid placing an undue burden on L&PS, the County Defendants may obtain them directly from the Superior Court. See In re Micron Tech., Inc. Securities Litigation, 264 F.R.D. 7, 9 (Dist. D.C. 2010).

The County Defendants misconstrue L&PS' abstention argument. In its moving brief, L&PS does not contend that this Court should abstain from compelling disclosure of the grand jury materials based squarely on the Younger abstention doctrine. Rather, in accordance with the Full Faith and Credit Act, "to the extent that the Acts of State legislatures do not conflict with the federal Constitution, statutes, and regulations and, thus, run afoul of the Supremacy Clause the federal courts are obliged to afford the 'Acts of state legislatures' the same respect that the States' own courts would grant those statutes." Camiolo v. State Farm Fire & Cas. Co., 334 F.3d 345, 355 (3d Cir. Pa. 2003)(citing U.S. Const., Art. VI, cl. 2; McDonald v. City of West Branch, Michigan, 466 U.S. 284, 288 n.7, 80 L. Ed. 2d 302, 104 S. Ct. 1799 (1984)).

In New Jersey, proceedings of the grand jury are secret and the Rules authorize the Assignment Judge in the County where the grand jury is convened to designate venue to a Superior Court Judge to hear matters related to the grand jury proceedings. R. 3:6-7; Pressler & Verniero, New Jersey Court Rules, comment 2 to R. 3:6-9 (2013); see also State v. CPS Chem. Co., 198 N.J. Super. 236, 245 (App. Div.), app. denied, 105 N.J. 502 (1986). In the interests of comity and federalism, the Third Circuit has deferred to state courts to determine whether state grand jury materials should be released. Camiolo, 334 F.3d at 357. Here, this court should direct the County Defendants to the Hunterdon County Assignment Judge to determine whether to grant or deny such access. See Douglas Oil v. Petrol Stops Northwest, 441 U.S. 211 (1979).

The County Defendants have not presented their request for grand jury materials to the appropriate state judicial officer. Neither L&PS nor the HCPO may release grand jury materials in this civil action. Consistent with the New Jersey Appellate

June 10, 2014
Page 3

Division's decision in Barlyn v. Dow, only the Superior Court has authority to release the grand jury materials. ___ N.J. Super. ___, slip. op. at 30 (App. Div. 2014); see also State v. Arace Bros., 230 N.J. Super. 22, 34 (App. Div. 1989)(noting that the documents presented to and created by the grand jury are not the property of the government prosecutor, but rather are the records of the court).

In any event, disclosure of grand jury materials by the appropriate state judicial officer may be ordered for use in a civil suit only when there is a showing of special and compelling circumstances sufficient to overcome the public policy considerations undergirding the principle of grand jury secrecy. United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958). The County Defendants confuse the general court rules governing discovery of relevant material with the much higher bar established by Proctor & Gamble Co. (Def. br. at 23). A higher standard must be met in order to compel production of grand jury materials. The County Defendants must present a particularized need that outweighs the heightened interest in the secrecy of grand jury proceedings. Id. at 682-83; see also State v. Doliner, 96 N.J. 236, 247 (1984). They have not made this showing.

The fundamental reasons for secrecy are well established:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.
>
> [United States v. Proctor & Gamble, 356 U.S. 677, 681 n. 6 (1958)).]

June 10, 2014
Page 4

The principles set forth in Proctor & Gamble and Douglas Oil Co. were endorsed by the New Jersey Supreme Court in Doliner, 475 A.2d 552, and In re Application for Disclosure of Grand Jury Testimony, 591 A.2d 614 (N.J. 1991)("ELEC").[1]  In either federal or state court, the County Defendants have the burden of proving that their need for the grand jury materials "outweighs the public interest in secrecy." Douglas Oil Co., 441 U.S. at 223; see also, Doliner, 475 A.2d at 555.

Of the factors favoring secrecy set forth in Proctor & Gamble, factors 4 and 5 apply to bar disclosure of the Hunterdon County grand jury transcripts.  The fourth factor requires the court to consider the need for secrecy in order "to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes." Proctor & Gamble, supra, 356 U.S. at 681 n.6.  Although the New Jersey Court Rules allow for disclosure of grand jury transcripts to criminal defendants, witnesses are protected from public disclosure of their testimony. R. 3:6-7.  Release of the grand jury materials will have a chilling effect on New Jersey's grand jury system. Barlyn, __ N.J. Super. __, slip op. at 15.

While the witnesses who testified before the grand jury were on notice that the grand jury testimony may have been disclosed to Plaintiffs, they would not have been aware that the grand jury testimony could be disclosed to the County Defendants for use in a civil litigation matter factually distinct from the underlying criminal allegations against Plaintiffs.

The fact that Trout, Russo, and Falat no longer work at the Hunterdon County Sheriff's Office is no basis to conclude that they would not be embarrassed, humiliated, or retaliated against for participating in the grand jury proceedings.  In fact, Plaintiffs join in this motion in order to avoid such adverse effects, which will be caused by disclosure.  So, too, should this court consider the interests of third-parties affected by disclosure of the grand jury materials.  A grand jury witness may be more reluctant to disclose the identity of third-parties, if there is no assurance that the secrecy of the grand jury testimony would be maintained.

---

[1] The applicant in the case was the Election Law Enforcement Commission ("ELEC") and the opinion is commonly cited by the acronym.

The fifth factor set forth in Proctor & Gamble also weighs against disclosure. It "protect[s] [an] innocent accused who is *exonerated from disclosure of the fact that he has been under investigation* . . . ." Proctor & Gamble, supra, 356 U.S. at 681 n.6. It does not, as the County Defendants suggest, only protect persons exonerated by the grand jury. (Def. br. at 17-18). The fifth factor concerns any person whose identity is protected from disclosure for any reason. As the Indictments were dismissed and no criminal proceedings took place, information concerning Plaintiffs gathered during the grand jury process should not be disclosed because they have been effectively exonerated.

More importantly, the County Defendants cannot show a particularized need for the grand jury materials because they are not necessary to the County Defendants' defense in this matter. Plaintiffs contend that the County Defendants urged members of the HCPO to bring the Indictments. None of the alleged conduct of the County Defendants occurred before the grand jury during its investigation. There is no allegation that the County Defendants appeared before, or presented to, the grand jury. There is no allegation that any of the parties to this lawsuit directly participated in the grand jury proceedings. Accordingly, the alleged facts giving rise Plaintiff's claims of malicious prosecution claim all occurred outside the presence of the grand jury. Rather, proof of Plaintiffs' legal claims turns on the County Defendants' alleged retaliatory, harassing, and discriminatory actions taken before the Hunterdon County Prosecutor Office launched the grand jury investigation. Thus, the focus of the instant suit is the alleged conduct of the County Defendants, not the criminal investigation.

Even assuming the relevancy of the grand jury materials for purposes of this argument, contrary to the County Defendants' representation, compelling a non-party to turn over confidential sealed grand jury materials is not the only means by which the parties may prosecute and defend this action. The County Defendants should, at minimum, be required to conduct discovery between the parties before attempting to lift the veil of secrecy accorded grand jury proceedings. The County Defendants have not demonstrated a particularized need, or any need whatsoever, for the grand jury materials.

For these reasons, the County Defendants' wholesale request for access to the grand jury materials should be denied. They

June 10, 2014
Page 6

have not established that there is a compelling need for the materials that outweigh the public's interest in secrecy. Alternatively, if the Court is inclined to grant the cross-motion to compel, L&PS respectfully requests that the Court grant its unopposed application for a Protective Order and to conduct an in camera review.

Thank you for your attention in this regard.

                          Respectfully yours,

                          JOHN J. HOFFMAN
                          ACTING ATTORNEY GENERAL OF NEW JERSEY


                By:   _s/Jane A. Greenfogel_____
                      Jane A. Greenfogel
                      Deputy Attorney General
                      Attorney ID: 026411982


                By:   _s/Kathryn J.H. Boardman_____
                      Kathryn J.H. Boardman
                      Deputy Attorney General
                      Attorney ID: 020922010


cc:  The Honorable Michael A. Hammer, U.S.M.J.
     (*via ECF and Overnight Mail*)
    Nicholas P. Milewski, Esq. (*via ECF and Overnight Mail*)
    William J. Courtney, Esq. (*via ECF and Overnight Mail*)
    Eric L. Harrison, Esq. (*via ECF and Overnight Mail*)
    Howard B. Mankoff, Esq. (*via ECF and Overnight Mail*)
    W. Timothy Howes, Esq. (*via ECF and Overnight Mail*)
    Anthony P. Kearns, III (*via Overnight Mail*)
    Robert E. Lytle, Esq. (*via Overnight and Electronic Mail*)

June 10, 2014
Page 7

**<u>Via UPS Overnight Mail</u>**
Anthony P. Kearns, III, Prosecutor
HUNTERDON COUNTY PROSECUTOR'S OFFICE
Justice Center
65 Flemington, New Jersey 08822